NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0958-16T4

RAYMOND NESBY and
LAUREN NESBY,

     Plaintiffs-Appellants,

v.

SHERYL FLEURMOND, CHRIS
R. DECARO, XEROX RECOVERY
SERVICES,[1] and HORIZON BLUE
CROSS BLUE SHIELD OF NEW
JERSEY,[2]

     Defendants,

and

GOVERNMENT EMPLOYEES
INSURANCE COMPANY[3]
and AAA MID-ATLANTIC
INSURANCE COMPANY OF
NEW JERSEY,[4]

     Defendants-Respondents.

<table>
<tr><td>APPROVED FOR PUBLICATION</td></tr>
<tr><td>November 18, 2019</td></tr>
<tr><td>APPELLATE DIVISION</td></tr>
</table>

---

[1] Improperly pled as Zerox Recovery Services.

[2] Improperly pled as Blue Cross & Blue Shield of New Jersey.

[3] Improperly pled as GEICO.

[4] Improperly pled as AAA Mid-Atlantic Insurance Co.

Argued October 3, 2019 – Decided November 18, 2019

Before Judges Fisher, Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1923-16.

John J. Hopkins, III, argued the cause for appellants.

Donald M. Barone argued the cause for respondent AAA Mid-Atlantic Insurance Company of New Jersey (Barone Mooney Newman & Foreman, attorneys; Donald M. Barone on the brief).

Mario John Delano argued the cause for respondent Government Employees Insurance Company (Campbell Foley Delano & Adams LLC, attorneys; Mario John Delano, on the briefs).

The opinion of the court was delivered by

ROSE, J.A.D.

Plaintiff Raymond Nesby[5] appeals from Law Division orders granting summary judgment to defendants Government Employers Insurance Company (GEICO) and AAA Mid-Atlantic Insurance Company of New Jersey (AAA MAIC), dismissing his complaint against the insurers. Because we conclude

---

[5] Lauren Nesby is a co-plaintiff in this case only because of her per quod claim deriving from her spouse's injury, therefore references to "plaintiff" pertain solely to Raymond Nesby.

A-0958-16T4

plaintiff lacked any basis to assert a claim against GEICO or AAA MAIC, we affirm.

The facts, viewed most favorably to plaintiff, <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 540 (1995), are essentially undisputed. In October 2014, plaintiff was injured in an automobile accident when the car he was driving was struck from behind by the vehicle driven by defendant Sheryl Fleurmond, owned by defendant Chris R. Decaro, and insured by Progressive Garden State Insurance Company (Progressive). Fleurmond neither owned a vehicle nor had her own automobile insurance policy;[6] she lived with her mother and sister.[7] GEICO issued a policy to Fleurmond's sister and AAA MAIC issued a policy to her mother.[8] Neither vehicle was involved in the accident.

---

[6] Citing the police report, plaintiff claims Fleurmond was listed as a driver on Decaro's policy. Plaintiff did not include the Progressive policy in his appendix on appeal.

[7] AAA MAIC does not concede that Fleurmond lived with its insured at the time of the accident; Fleurmond's residency is not material to the resolution of the issues presented on appeal.

[8] Neither policy was included in plaintiff's appendix on appeal. It is undisputed that Fleurmond was not listed as an insured on either policy. Plaintiff and AAA MAIC included a declaration page of that carrier's insured, listing Fleurmond's mother as a driver.

A-0958-16T4

Plaintiff claims his medical costs exceed $400,000 for the injuries he suffered as a result of the collision. After his $15,000 personal injury protection (PIP) benefits were exhausted, the remainder of plaintiff's medical bills were paid by his personal health insurance carrier. Plaintiff then tendered a claim to Progressive, which offered him the full $25,000 policy limit of Decaro's policy. In exchange, plaintiff agreed to release Fleurmond and Decaro

> from any and all claims, actions, causes of action[], demands, rights, damages, costs, property damage, loss of wages, expenses, hospital, medical and nursing expenses, accrued or unaccrued claims for loss of consortium, loss of support or affection, loss of society and companionship on account of in any way growing out of, any and all known and unknown personal injuries and damages resulting from [the present] automobile accident . . . .

Sometime before signing the release, plaintiff's counsel sent what he describes as "a Longworth letter"[9] to GEICO and AAA MAIC, notifying the carriers of Progressive's offer. According to plaintiff, neither carrier objected to the proposed settlement; both carriers later denied coverage.

---

[9] Longworth v. Van Houten, 223 N.J. Super. 174 (App. Div. 1988).

A-0958-16T4

Plaintiff then filed a complaint[10] against Fleurmond and Decaro, seeking damages for injuries he sustained in the accident. Although plaintiff did not specifically name GEICO or AAA MAIC as defendants, the fourth count of his complaint sought to "[c]ompel [i]nsurance [c]overage" from both carriers. Prior to the commencement of discovery, plaintiff moved for declaratory judgment against GEICO and AAA MAIC, seeking coverage under the policies issued to Fleurmond's sister and mother. GEICO and AAA MAIC cross-moved for the same relief. Following oral argument, the motion judge reserved decision, eventually denying plaintiff's motion and granting defendants' cross-motions for reasons expressed in a written opinion.[11]

Recognizing additional facts were unnecessary to the determination of defendants' motions, the judge found plaintiff settled his claims with Fleurmond and Decaro, and he had no relationship with GEICO and AAA MAIC, which would otherwise entitle him to coverage under their policies. Because plaintiff was not seeking underinsured motorist (UIM) coverage from his insurance

---

[10] After venue was transferred from Monmouth County for reasons that are not pertinent to this appeal, plaintiff filed an amended complaint to reflect venue in Middlesex County, but it was otherwise identical to his initial complaint.

[11] The judge granted plaintiff's motion to amend the complaint to add as parties his personal health insurance carrier, Horizon Blue Cross Blue Shield of New Jersey and its subrogation representative, Xerox Recovery Services.

A-0958-16T4

carriers, the judge determined <u>Longworth</u> was "inapplicable and distinguishable from the facts here."  This appeal followed.

On appeal, plaintiff raises overlapping arguments, claiming he is entitled to PIP coverage and bodily injury benefits under the GEICO and AAA MAIC policies.  More particularly, he presents the following points for our consideration:

> I.    <u>The Trial Judge Erred in Granting Summary Judgment Prior to the End Of Discovery Without Considering Extrinsic Evidence.</u>
>
> II.   <u>. . . Plaintiff Was Injured in an Automobile Accident In Which Multiple Insurance Policies Are Involved and this Court must Determine Which PIP Policies Cover the Medical Treatment for the Injuries in this Accident.</u>
>
> III.  <u>It Is Appropriate for the Court [to] Make a Declaratory Judgment Determination as to Which Insurance Policies Cover the Bodily Injuries in this Matter.</u>
>
> IV.   <u>. . . Plaintiff[] Settled [His] Claim with the First Carrier Pursuant to Longworth and Now May Proceed Against the Other Two Carriers.</u>
>
> V.    <u>. . . Plaintiff Exceeded His Insurance P[IP] Coverage So the P[IP] of the Additional Policies must Cover the Excess.</u>[12]

---

[12] Plaintiff filed a supplemental letter pursuant to <u>Rule</u> 2:6-11(d), bringing to our attention recent legislation amending N.J.S.A. 39:6A-12, which "permits a

We review a grant of summary judgment de novo, applying the same standard as the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016); Brill, 142 N.J. at 539-40. Summary judgment is appropriate where the record demonstrates "no genuine issue as to any material fact challenged and . . . the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 329 (2010); Brill, 142 N.J. at 528-29. Where, as here, "there is no genuine issue of material fact, we must then decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (internal quotation marks and citation omitted). We therefore accord no deference to the motion judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

Distilled to its essence, the issue presented in this appeal is whether plaintiff can somehow seek PIP coverage for his unpaid medical expenses under

party injured in an automobile accident to recover, as part of the recovery of uncompensated economic loss, all unreimbursed medical expenses not covered by the . . . [PIP] limits applicable to the injured party and sustained by the injured party." Sponsor's Statement to S.B. 3963 1 (L. 2019, c. 245, § 2). Because the amendment was not effective until August 1, 2019, it has no bearing on our resolution of the present appeal. We therefore decline to decide what, if any, application the amendment has to these unique circumstances.

policies issued by GEICO and AAA MAIC to the tortfeasor's resident relatives, covering vehicles that were not involved in the accident – after plaintiff settled any and all claims arising from the accident with the tortfeasor.  We conclude none of plaintiff's attempts to extend well-settled principles of insurance law is availing.

We start with plaintiff's claims for PIP coverage under the GEICO and AAA MAIC policies.  As our Supreme Court has recognized:

> The Legislature provided for PIP benefits as part of New Jersey's no-fault compulsory automobile-insurance system in the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 to -35 . . . . Stated generally, the benefits include payment of medical expenses, without regard to fault, for the named insured and resident members of his or her family, others occupying a vehicle of the named insured, or pedestrians injured in an automobile accident.
>
> [Palisades Safety & Ins. Ass'n v. Bastien, 175 N.J. 144, 147-48 (2003) (emphasis added) (citation omitted).]

Clearly, plaintiff was not an insured under the GEICO or AAA MAIC policies, did not live with either insured and was not driving a vehicle insured under either policy.  Because he does not fall within any of those categories – that might otherwise entitle him to PIP coverage – plaintiff is not entitled to PIP benefits under either the GEICO or AAA MAIC policy.

A-0958-16T4

Accordingly, we are not persuaded by plaintiff's ancillary argument that New Jersey permits "stacking of policies" for PIP benefits. On the contrary, N.J.S.A. 39:6A-4.2 expressly prohibits an insured from recovering PIP benefits from multiple policies, providing, in pertinent part:

> the personal injury protection coverage of the named insured shall be the primary coverage for the named insured and any resident relative in the named insured's household who is not a named insured under an automobile insurance policy of his own. No person shall recover personal injury protection benefits under more than one automobile insurance policy for injuries sustained in any one accident.
>
> [(Emphasis added).]

Plaintiff's reliance on Ingersoll v. Aetna Cas. & Sur. Co., 138 N.J. 236 (1994), is misplaced. In Ingersoll, the plaintiff motorcyclist was ineligible for PIP benefits. Id. at 238. Instead, the Court determined the statutory prohibition against stacking PIP benefits did not foreclose the plaintiff's recovery for extended medical expenses under two policies. Id. at 239. In doing so, the Court expressly stated "[t]he No-Fault Law prohibits the stacking of PIP benefits." Id. at 238.

We are equally unpersuaded by plaintiff's reliance on Gibson v. Callaghan, 158 N.J. 662 (1999), to support his contention that "a policy in the driver's household will cover the driver" where the tortfeasor driver is uninsured.

A-0958-16T4

We simply note the issue in Gibson involved the interpretation of "a clause in a homeowners' liability insurance policy that provide[d] a defense and indemnification to relatives of the named insured who are residents of the named insured's household." Id. at 665. That issue could not be further from the issues presented in this appeal.

Finally, even if plaintiff could have sought coverage under the GEICO or AAA MAIC policies, he settled his claims with Fleurmond (and Decaro), fully releasing the tortfeasor (and owner) of the vehicle from "any and all claims" arising from the accident. See In re Terminated Aetna Agents, 248 N.J. Super. 255, 263 (App. Div. 1990) ("A general release ordinarily covers all claims and demands due at the time of its execution and within the contemplation of the parties."). Where a release's language refers to "any and all claims," courts do not generally permit exceptions. Isetts v. Borough of Roseland, 364 N.J. Super. 247, 255-56 (App. Div. 2003) ("In parsing the release's critical passage, we certainly agree that the phrase 'any and all' allows for no exception . . . ."). Because the release did not preserve plaintiff's right to proceed against either GEICO or AAA MAIC, see Deblon v. Beaton, 103 N.J. Super. 345, 349 (Law Div. 1968), he cannot litigate his settled claims against the insurers.

A-0958-16T4

Plaintiff fares no better with his misplaced reliance on <u>Longworth</u>, in which we held that, in order to protect the UIM carrier's subrogation interest, "an insured receiving an acceptable settlement offer from the tortfeasor should notify his UIM carrier. The carrier may then promptly offer its insured that sum in exchange for assignment to it by the insured of the claim against the tortfeasor." 223 N.J. Super. at 194; <u>see also</u> <u>Rutgers Cas. Ins. Co. v. Vassas</u>, 139 N.J. 163, 174 (1995). As plaintiff acknowledges, he is not seeking UIM coverage from GEICO or AAA MAIC. As such, any reservation of rights under <u>Longworth</u> provides him no relief here. Instead, plaintiff sought excess insurance under the GEICO and AAA MAIC policies. But, as we have stated, plaintiff released the tortfeasor without a reservation of rights clause protecting his claims against those insurers.

In sum, plaintiff was not a named insured under the GEICO or AAA MAIC policies, did not reside with the named insureds, did not occupy a vehicle insured under those policies, and released the tortfeasor from any and all claims arising from the accident. Accordingly, his claims against the insurers fail.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0958-16T4